Romeo Torres GARALDE; Marissa Villon Garalde; Anna Francisca Garalde; Romeo Villon Garalde, Jr., Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 99–71320.
INS Nos. A71–578–089, A70–791–114, A70–791–115, A70–791–116.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 21, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Romeo Torres Garalde, a native and citizen of the Philippines, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's denial of his application for asylum and withholding of deportation.[1] We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[2] and we deny the petition.

We review for substantial evidence the BIA's determination that Garalde has failed to establish asylum eligibility because he has failed to demonstrate persecution or well-founded fear thereof on account of membership in a particular social group, political opinion, or any other prohibited ground. *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998). To reverse the BIA's decision we must find that the evidence not only supports a contrary conclusion, but compels it. *Id.*

We deny Garalde's petition for review because the evidence does not compel the conclusion that Garalde's alleged persecutors were or would be motivated by his real or imputed political opinions or by his membership in a particular social group. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Because the evidence does not compel a finding of eligibility for asylum, it necessarily does not compel a finding that Garalde has satisfied the more stringent standard for withholding of deportation. *See Singh*, 134 F.3d at 971.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Garalde is the primary applicant for asylum; the claims of his wife and two children are derivative of his application.

2. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), replaced this section with a new judicial review provision codified at 8 U.S.C. § 1252. Under IIRIRA's transitional rules, however, this new provision does not apply to proceedings initiated prior to April 1, 1997 that result in a final deportation order entered after October 30, 1996. We therefore continue to exercise jurisdiction over Garalde's action under 8 U.S.C. § 1105a(a). IIRIRA § 309(c)(1); *Kalaw v. INS*, 133 F.3d 1147, 1150–51 (9th Cir.1997).